■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES A. MAJOR, Petitioner, v. J. LELAND CASSCLES, as Superintendent of Great Meadow Correctional Facility, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for legal insufficiency, in that there is no showing that petitioner's present confinement is illegal or improper (see Penal Law, § 70.40, subd. 3), and, in addition, for failure of compliance with CPLR, article 70, and more particularly with the provisions of CPLR 7002, (subd. [c]). Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Reynolds, JJ., concur.

## (September 20, 1973)

■ In the Matter of DOUGLAS DYE, Respondent, v. EDWIN CALLAHAN et al., Constituting the Board of Elections of Ulster County, Appellants. In the Matter of ROBERT STEDGE, Respondent, v. EDWIN CALLAHAN et al., Constituting the Board of Elections of Ulster County, Appellants.— Appeals from two separate judgments of the Supreme Court at Special Term, entered September 11, 1973 in Ulster County, which, in proceedings pursuant to section 330 of the Election Law, declared the independent nominating petitions of the respective petitioners valid and ordered the respondents to place their names on the official ballots for the general election to be held on November 6, 1973. Prior to its amendment in 1971, section 138 conditioned the exercise of the right to sign an independent nominating petition upon registration at the time of the last preceding general election and required the signers of such petitions to set forth their residency at that time (Matter of Davis v. Board of Elections, 5 N Y 2d 66). This requirement provided a means by which the Board of Elections or other interested persons could reasonably verify whether the signers had complied with the condition that they be registered at the time of the last preceding general election. In 1971, the Legislature amended section 138 and eliminated the condition that the signers be registered at the time of the last preceding general election and substituted the condition that such signers be registered on or before the first day for signing an independent nominating petition (Election Law, § 138, subd. 10). Here, although the signers of these independent nominating petitions did not set forth their residency at the time of the last preceding general election, they did set forth their residency at the time of their signing of these petitions. Consequently, we find that the petitions substantially comply with subdivisions 1 and 2 of section 138 of the Election Law. Judgments affirmed, without costs. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.